**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL NO. 3:24-CR-00052-03 |
| v. | |
| | (MEHALCHICK, J.) |
| HASSAN NEWTON, | |
| Defendant. | |

**MEMORANDUM**

Before the Court is a motion to suppress filed by Hassan Newton ("Newton") on December 15, 2025 (Doc. 196). Newton moves to suppress evidence obtained by the Federal Bureau of Investigation ("FBI"), claiming the evidence was obtained in violation of Newton's constitutional rights. Specifically, Newton argues that the search warrant lacked probable cause because there was no nexus between the mobile device and the alleged criminal activity. (Doc. 197, at 6). In response, the Government avers that the facts in the warrant affidavit establish probable cause to find that Newton was associated with the phone number linked to such criminal activity (hereinafter, "suspect number") (Doc. 204, at 16). For the following reasons, Newton's motion to suppress is denied. (Doc. 196).

## I. BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from the affidavit attached to the search warrant application submitted by FBI Taks Force Officer Daniel Spath ("Spath").[1] (Doc. 198). On

---

[1] Both parties cite this document for purposes of factual background. (Doc. 197; Doc. 204).

January 18, 2024, the Court granted a search warrant for the phones of former co-defendants Jimmy Bell ("Bell") and Jazmyn Warshawsky ("Warshawsky"). (Doc. 198, at 17-18). The search led to an investigation that brough forth a full data extraction of the contents of Bell's mobile device and Warshawsky's mobile device. (Doc. 198, at 18). While reviewing the extraction of Bell's mobile device, Spath observed that Bell frequently communicated with the suspect number during the completion of drug transactions. (Doc. 198, at 19-20). The extraction revealed electronic payments for controlled substances and shipment for packages of such. (Doc. 198, at 19-20). The extraction also provided a text thread between Bell's cellular number and the suspect number regarding these drug transactions from April to May of 2023. (Doc. 198, at 20-21). Further review of the extraction exposed the Cash App accounts of Bell and Newton, which they used for drug trafficking. (Doc. 198, at 22).

On October 1, 2024, a grand jury returned a superseding indictment to include Newton on Count I – Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846. During a search incident to an arrest on December 2, 2024, Newton possessed a mobile device in his right jacket pocket. (Doc. 198, at 9). On December 10, 2024, Chief Magistrate Judge Daryl F. Bloom granted a search warrant for Newton's mobile device discovered eight days earlier. (Doc. 198, at 1).

## II. LEGAL STANDARD

The Fourth Amendment protects against unlawful searches and seizures. U.S. CONST. amend. IV. "The touchstone of the Fourth Amendment is reasonableness." *Florida v. Jimeno,* *500 U.S. 248, 250 (1991).* "Generally, for a seizure to be reasonable under the Fourth Amendment, it must be effectuated with a warrant based on probable cause." *United States v.* *Robertson,* 305 F.3d 164, 167 (3d Cir. 2002). "Probable cause exists when 'there is a fair

probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Evidence directly derived from an unlawful search or seizure may be excluded from a criminal trial. *See Wong Sun v. United States*, 371 U.S. 471, 484-86 (1963). The Supreme Court "created the exclusionary rule, a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Davis v. United States*, 564 U.S. 229, 231, (2011). Accordingly, when a criminal defendant believes his Fourth Amendment rights have been violated, he "may move to suppress evidence in the court where trial will occur" under Federal Rule of Criminal Procedure 41(h). Federal Rule of Criminal Procedure 12 requires suppression motions to be made prior to trial. Fed. R. Crim. P. 12(b)(3)(C). On a motion to suppress, the movant has the burden of establishing his Fourth Amendment rights against search and seizure were violated. *Simmons v. United States*, 390 U.S. 377, 389–90 (1968). Meanwhile, the government "bears the burden of showing that each individual act constituting a search or seizure under the Fourth Amendment was reasonable." *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005). The relevant burden of proof is "by a preponderance of the evidence." *United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974). Importantly, however, the Supreme Court has suggested that exclusion is not a necessary consequence of a Fourth Amendment violation in every case. *See United States v. Leon*, 468 U.S. 897, 905-06 (1984).

"In deciding a motion to suppress, the trial judge, as the fact finder, determines the credibility of the witnesses and the weight to be given to the evidence." *United States v. Moye*, 722 F.Supp.3d 506, 511 (M.D. Pa. 2024) "The court can accept or reject a witness's testimony, assessing credibility on the following factors: demeanor and manner on the stand, ability to

accurately recollect, impact of the outcome on the witness, whether the testimony supports or contradicts other evidence, and whether the testimony 'withstands a common sense test of reason and logic.'" *Moye,* 722 F. Supp. 3d at 511 (citing *United States v. Murphy*, 402 F. Supp. 2d 561, 569 (W.D. Pa. 2005)).

### III. DISCUSSION

The issue here is whether the search of Newton's cell phone was sufficiently based on probable cause in that the information was reliably recent. Newton argues that the search warrant lacks probable cause because there is no "reason to believe in the warrant application that the cell phone possessed by Newton in December 2024 was the same used by Newton in the commission of criminal activity in April and May of 2023." (Doc. 197, at 7). The government responds that it's not necessary for the magistrate judge to draw a connection between Newton and his mobile devices due to his association with the suspect number. (Doc. 204, at 15). When the defendant challenges the probable cause determination, the defendant bears the burden of showing the magistrate judge lacked a "substantial basis" to issue the warrant. *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995). However, "the government bears the burden of showing that each individual act constituting a search or seizure under the Fourth Amendment was reasonable." *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005).

The Fourth Amendment provides that "no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Officers must have probable cause to obtain a warrant to access contents of a cellphone. *Riley v. California*, 573 U.S. 373, 386 (2014). "'[P]olice may not rely on the general ubiquitous presence of cellular telephones

in daily life, or an inference that friends or associates most often communicate by cellular telephone, as a substitute for particularized information that a specific device contains evidence of a crime.'" *United States v. Williams*, 813 F. Supp. 3d 503, 524 (E.D. Pa. 2025) (citations omitted). In reviewing an officer's affidavit or warrant application, a magistrate judge must determine whether the "totality-of-the-circumstances" presented in the affidavit establish probable cause. *See Gates*, 462 U.S. at 230-31. The Supreme Court has held that probable cause is a "fluid concept" that "turn[s] on the assessment of probabilities in particular factual contexts." *Gates*, 462 U.S. at 236. A magistrate judge may find probable cause "when, viewing the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Brewer*, 708 F. App'x 96, 99 (3d Cir. 2017) (citations omitted). Probable cause to search can be, and often is, "based on an accumulation of circumstantial evidence." *United States. v. Burton*, 288 F.3d 91, 103 (3d Cir. 2002). In light of the accumulation of circumstantial evidence, a magistrate judge may conclude that evidence will probably be found in the particular place requested for search. *See United States v. Stearn*, 597 F.3d 540, 566 (3d Cir. 2010). In making the probable cause determination, the magistrate judge may rely on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Gates*, 462 U.S. at 231 (citation and quotation marks omitted). "A reviewing court owes the magistrate judge's probable cause-determination 'great deference,' and it must leave that determination undisturbed 'so long as the magistrate [judge] had a substantial basis for' finding probable cause. *Brewer*, 708 F. App'x at 99 (citations omitted).

If the information supporting a warrant application is "'too old, the information is stale, and probable cause may no longer exist.'" *United States v. Caple*, 403 F. App'x 656, 659

5

(3d Cir. 2010) (quoting *United States v. Harvey*, 2 F.3d 1318, 1322 (3d Cir. 1993)). "But '[a]ge alone… does not determine staleness. The determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant.'" *United States v. Urban*, 404 F.3d 754, 774 (3d Cir. 2005) (quoting *Harvey*, 2 F.3d 1322). "In determining whether the information contained in the affidavit is stale, the magistrate [judge] must look at the facts and circumstances of each case and 'examine the nature of the crime and the type of evidence.'" *Caple*, 403 F. App'x at 659 (quoting *Harvey*, 2 F.3d at 1322).

In reviewing the warrant application (Doc. 198), the Court finds substantial basis for the magistrate judge's finding of probable cause for the search warrant. Spath's affidavit presents portions of a text thread extracted from screenshots between Bell and the suspect number (listed as Newton), which all relate to communications regarding drug transactions in April and May of 2023. (Doc. 198, at 19-21). Cash App records reveal that an account displaying the name "HASS" was associated with Newton's full name, last known address, social security number, images of his state ID card, and the suspect number. (Doc. 198, at 22). The warrant indicates that Newton provided the suspect number when law enforcement asked for his personal number during an arrest on November 22, 2022. (Doc. 198, at 22). On October 17, 2024, T-Mobile USA responded to a subpoena from the FBI provided that the suspect number has been active with the same subscriber since 2021. (Doc. 198, at 23). In light of this deferential standard for assessing warrants, the facts set out in the application support probable cause to search Newton's cell phone. *Riley*, 573 U.S. at 401 (holding that a cell phone search requires a warrant and noting that "[c]ell phones have become important tools in facilitating coordination and communication among members of criminal enterprises,

and can provide valuable incriminating information about dangerous criminals."); *see also United States v. Williams*, 813 F. Supp. 3d 503, 524 (E.D. Pa. 2025) (noting that police officers "'may not rely on the general ubiquitous presence of cellular telephones in daily life, or an inference that friends or associates most often communicate by cellular telephone, as a substitute for particularized information that a specific device contains evidence of a crime.'") (citations omitted).

**IV.  CONCLUSION**

Based on the foregoing, Newton's motion to suppress is **DENIED**. (Doc. 196). An appropriate Order follows.

**Dated: May 13, 2026**                          *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States District Judge**